# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MICHAEL PAUL PUZEY**,

    Petitioner,

v.                                        **CRIMINAL ACTION NO.: 3:00-CR-57-16**
                                            **CIVIL ACTION NO.: 3:17-CV-128**
                                            **(GROH)**

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 1921][1] on August 23, 2018. In his R&R, Magistrate Judge Trumble recommends that the Petitioner's Motion [ECF No. 1857] be denied and dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1);

---

[1] All CM/ECF references are to the criminal number, 3:00-cr-57-16, unless otherwise noted.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the *pro se* Petitioner on September 14, 2018. ECF No. 1949. On

September 14, 2018, and September 18, 2018, the Petitioner requested an extension for time to file his objections. ECF Nos. 1944, 1948. The Court granted an extension, and ordered that objections were due on or before October 14, 2018. ECF Nos. 1945, 1951. On October 15, 2018, the Petitioner's objections were filed on the docket. ECF No. 1956. Accordingly, this Court will review the Petitioner's specific objections to the R&R *de novo.* The Court will review the remainder of the R&R for clear error.

Magistrate Judge Trumble recommends that this action be dismissed because this action is a second or successive motion to vacate without authorization. In fact, on August 10, 2016, the Fourth Circuit Court of Appeals denied the Petitioner's motion for authorization to file a second or successive motion pursuant to 28 U.S.C. § 2255. Thus, this Court is without authority to hear the Petitioner's instant federal habeas motion. In his objections, the Petitioner wholly fails to address the magistrate judge's determination that this motion to vacate is second or successive and without authorization. Therefore, the Court finds that *de novo* review is not required because the Petitioner has failed to make specific objections to the magistrate judge's analysis as found within his R&R.

Nevertheless, upon careful review of the R&R and the Petitioner's objections, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 1921 in 3:00-CR-57-16, ECF No. 14 in 3:17-CV-128] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Therefore, the Petitioner's Motion to Vacate [ECF No. 1857 in 3:00-CR-57-16, ECF No. 1 in 3:17-CV-128] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. The Petitioner's Motion for Expedited Disposition [ECF No. 1867 in 3:00-CR-57-16] is **DENIED**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED**: October 16, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE